UNITED STATES GOVERNMENT

# memorandum

DATE: February 1, 2023

FROM: Karon B. Willis
Deputy Chief U.S. Probation Officer

SUBJECT: Victor Elias
Crim. No. 7-19-CR-37-001 (HL)
**Motion for Compassionate Release**

TO: Hugh Lawson
Senior U.S. District Judge

The above referenced defendant filed a motion for Compassionate Release (CM/ECF Doc #57) on October 4, 2021. That motion was denied (CM/ECF Doc #58) by this Court on November 16, 2021. The defendant filed a document entitled REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MR. ELIAS'S MOTION REQUESTING COMPASSIONATE RELEASE UNDER 18.USC § 3582(c)(1)(A)(1) on January 7, 2022. However, no such "response" by the government was found in the docket for the defendant. The Clerk's Office has filed the document noted above (CM/ECF Doc #60) as a Motion to Reconsider.

This memo outlines information in the motion and other information relating to the defendant. We recommend the motion for reconsideration of compassionate release be **DENIED**.

**Case Summary**:

The above referenced defendant was sentenced on June 17, 2021, to a total of 120 months custody of the Bureau of Prisons after entering a guilty plea to Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The sentence was based on a total offense level of 25 and a criminal history category II. The imprisonment sentence is to be followed by a 25-year term of supervised release; and he was ordered to submit to sex offender treatment, substance abuse testing/treatment, searches, computer restrictions and several other special conditions relating to sex offenders. He has a projected release date of November 14, 2027. However, he is eligible for home detention on May 14, 2027.

**Educational and Disciplinary Records**:

Available BOP records reflect the defendant has completed one educational course since being incarcerated – Wellness At Risk (Assessment and Orientation). He also has no disciplinary incidents while in custody.

**Defendant's Basis for Current Motion**:

The defendant notes essentially the same grounds for relief in his new motion that were noted in his original motion:
- He has underlying medical conditions that place him at an increased risk of severe illness or death if he contracts COVID-19 and the new variants: Type II Diabetes Mellitus and Asthma.
- His age (65) places him at an increased risk of severe illness or death if he contracts COVID-19.
- He believes he remains at a higher risk for infection from COVID-19, even though he has been vaccinated, because of his underlying medical conditions.
- He is Latin or Hispanic, and the CDC identifies this group as having a higher rate of hospitalization or death from COVID-19 than among non-Hispanic white persons.
- He is more susceptible to contracting COVID-19 in a prison setting. He is in an "open-air 80-person unit. If one person coughs, every inmate breathes in that air." He also reported the unit is used for workouts; that 95% of those in the unit do not wear masks; and that the bathing areas are not cleaned properly.
- He has found that the unprecedented risk of COVID-19 and rehabilitation each constitute extraordinary and compelling reasons to grant compassionate release.
- He has good conduct since being incarcerated and has taken advantage of prison programming and employment.
- He will not present a danger to anyone; has not engaged in a single act of violence while incarcerated; and he has been classified at Low Security suggesting BOP does not consider him to be a danger. He also notes he is likely to be deported upon release and submitted that "any lingering public safety concerns are mooted by the fact of Mr. Elias's impending deportation".

**BOP Information**:

*Medical Conditions* - The BOP has him classified as CARE LEVEL 2 – STABLE CHRONIC CARE. Records from the BOP reflect the defendant is being treated for Type II Diabetes Mellitus, GERD, Iron Deficiency/Anemia, and Asthma. Several medical issues are being monitored, but no treatment provided at this time: anemia, anomaly of testicle, prostate asymmetry, and benign prostatic hyperplasia with lower urinary tract. He has no medical restrictions related to work assignments or bunk.

The defendant refused the *Moderna* COVID-19 vaccine on August 25, 2021 but stated he had received the *Johnson & Johnson* vaccine three months prior. He also reported having had COVID-19 symptoms (chills, fever, cough, weakness, and loss of taste/smell) in July 2021, however he was not tested for COVID-19. Verification could not be obtained regarding the *Johnson & Johnson* vaccine, or the possible COVID-19 symptoms experienced as the defendant was not in BOP custody during that timeframe. BOP records reflect the defendant refused the COVID-19 Pfizer-BioNTech vaccine on February 16, 2022 but received the COVID-19 Janssen vaccine on February 23, 2022 and the COVID-19 Moderna vaccine on November 17, 2022.

*CARES Act Home Confinement Consideration* – According to BOP records, there is no record of this inmate being considered for home confinement. He is ineligible because of

his primary offense is a sex offense and he has completed less than half of his full term and statutory term. His is classified a LOW risk for recidivation.

***Warden's Response to Request for Reduction in Sentence (RIS)*** – The defendant was denied a reduction in sentence by the warden on September 8, 2021, as he did not meet the criteria listed in BOP Program Statement 5050.50 [a debilitating condition, terminal illness, or age] to be considered for compassionate release. Another reason noted by the warden was that his medical conditions were made known to the Court prior to sentencing through the presentence report. There is no record the defendant has appealed this decision.

**Conclusion** -

This defendant was denied a reduction in sentence by the warden where he is housed as he did not meet the factors in BOP Program Statement 505.50 to be considered for compassionate release. He has not been considered by the BOP for CARES Act home confinement; and he is able to provide self-care and take medications as prescribed. He has recently received COVID-19 vaccinations. This Court denied the defendant's original motion for Compassionate Release after considering basically the same information presented in the Motion for Reconsideration.

We do not believe the defendant has met the burden of presenting "extraordinary and compelling" reasons for the Court to grant his motion. Therefore, we recommend denial of the motion for reconsideration on compassionate release. Should the Court agree with our recommendation to deny the motion, a suggested order is attached for Your Honor's signature.

Karon B Willis
Deputy Chief U.S. Probation Officer

KBW/

**Court Action:**

__X__ Concur

_____ Do Not Concur

s/Hugh Lawson                                    2/1/2023
The Honorable Hugh Lawson                Date
Senior U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 7-19-CR-37-001 (HL) |
| VICTOR ELIAS | |

**ORDER ON MOTION FOR RECONSIDERATION ON COMPASSIONATE RELEASE - 18 U.S.C. § 3582(c)(1)(A)**

Federal prisoner Victor Elias, proceeding pro se, has moved the Court for reconsideration for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). The Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a). The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon a motion from the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court may reduce a term of imprisonment if, after considering the § 3553(a) factors, it finds that compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. U.S.S.G. § 1B1.13. However, the policy statements were not amended after the amendment allowing prisoners to file direct motions for compassionate release. Thus, when adopted, the policy statements applied only to motions filed by the Director of the Bureau of Prisons. This has led several circuits to hold that the policy statements are not "applicable" to prisoner-filed motions for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020). On May 7, 2021, the 11th Circuit addressed the issue in its ruling in *United States v. Bryant* (11th Cir. No. 19-14267 May 7, 2021) and ruled that USSG § 1B1.13 is still an "applicable policy statement for an 18 U.S.C. § 3582(c)(1)(A) motion." This defendant's motion does not fall within any of the categories enumerated at USSG § 1B1.13.

**IT IS ORDERED** that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served:

    If the defendant's sentence is reduced to time served:

        ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel

arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made, and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of 60 months (not to exceed the unserved portion of the original term of imprisonment).

☐The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____
_____
_____
_____
_____
_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records [medical, institutional, administrative] relevant to this motion.

☑ DENIED after careful and complete review of the additional information submitted by the defendant, the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at USSG § 1B1.13 to the extent they are relevant to whether a reduction is warranted (and, if so, the amount of the reduction).

☑ FACTORS CONSIDERED (Optional)

The Court considered all the concerns in the defendant's motion (CM/ECF Doc. 60) and all factors noted in the first paragraph of this order. The defendant has notable medical conditions; however, he is monitored effectively by Bureau of Prisons' medical staff. This Court finds the defendant has not presented any additional information in this motion for reconsideration that would sway the Court's opinion in his favor and finds he has again failed to present compelling and extraordinary reasons to warrant a reduction.

☐ DENIED WITHOUT PREJUDICE because the defendant has neither exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A); nor have 30 days lapsed since receipt of the defendant's request by the Warden of the defendant's facility.

So ordered this __1st__ day of _____February_____, 2023.

 s/Hugh Lawson
HUGH LAWSON
SENIOR U.S. DISTRICT JUDGE